UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LAWRENCE DANCIER JACKSON,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>SHOSHONE-BANNOCK COUNSELING FAMILY SERVICE; DR. DANN HALL; KRISSY BRONCHO; and DR. PALMER,<br><br>　　　　　　Defendants. | Case No. 4:21-cv-00062-DCN<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

　　　　Plaintiff Lawrence Dancier Jackson is an enrolled member of the Shoshone-Bannock Tribes and is currently incarcerated in the Shoshone-Bannock Correctional Facility. The Clerk of Court conditionally filed Plaintiff's complaint in this case as a result of Plaintiff's status as an inmate and in forma pauperis request. After being notified that the initial complaint did not comply with General Order 342(A), Plaintiff filed an Amended Complaint. *See* Dkt. 7. The Court now reviews the Amended Complaint to determine whether it should be summarily dismissed in whole or in part under 28 U.S.C. §§ 1915 and 1915A. Having reviewed the record, and otherwise being fully informed, the Court enters the following Order directing Plaintiff to file a second amended complaint if Plaintiff intends to proceed.

**1.　Screening Requirement**

　　　　The Court must review complaints filed by prisoners seeking relief against a

governmental entity or an officer or employee of a governmental entity, as well as complaints filed in forma pauperis, to determine whether summary dismissal is appropriate. The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

2. **Pleading Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than ... unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," or if there is an "obvious alternative explanation" that would not result in liability, the complaint has not stated a claim for relief that is plausible on its face. *Id.* at 678, 682 (internal quotation marks omitted).

3. **Factual Allegations**

Plaintiff is an inmate in the custody of the Shoshone-Bannock Tribes. *Am. Compl.*, Dkt. 7, at 1. Plaintiff complains that the Shoshone-Bannock Family Counseling Service, as well as three individuals—Dr. Dann Hall, Krissy Broncho, and Dr. Palmer—violated his

rights.

Specifically, Plaintiff alleges the following against Defendant Dr. Dann Hall:

> I[,] Lawrence Dancier Jackson[,] signed a [sic] authorization for use or disclosure of protected health information form[.] [S]ince this[,] Dr. Dann Hall has had actual and or constructive knowledge of the crime of human trafficking[,] "abuse of legal process[,]" and or slavery for biotech research and human experiments. The Counseling Family Service has records containing FOIA/PA requests and Idaho public records requests that include phone numbers to government info. specialists and enough information on there [sic] face sheets to conclude that Dr. Dann Hall "knowingly" and or "wilfully" [sic] participated in a behavioral health compounding crime conspiracy of human trafficking.

*Id*. at 3 (capitalization regularized) (citations omitted). Plaintiff makes the same allegations against Defendants Broncho and Palmer. *Id*. at 4–5. These allegations are the entire factual basis of Plaintiff's claims.

The context in which Plaintiff's claims arose is unclear. However, it appears, from another lawsuit initiated by Plaintiff, that the three individual Defendants may be employed by the Shoshone-Bannock Tribal Family Counseling Service and that they may have evaluated Plaintiff for competency to stand trial in Tribal court on his pending criminal charges. *See Jackson v. Shoshone-Bannock Tribal Justice Center*, 1:21-cv-00036-DCN, Dkt. 9 at 1–15, Dkt. 10 at 3–5 (D. Idaho).

In this action, Plaintiff asserts claims under (1) 42 U.S.C. § 1983, the federal civil rights statute, and (2) *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the federal-defendant equivalent to § 1983. *Id*. at 1. Plaintiff also asserts claims under state and federal criminal statutes. *Id*. at 3–5. Plaintiff

INITIAL REVIEW ORDER BY SCREENING JUDGE - 3

seeks monetary damages, as well as criminal prosecution of the named Defendants for violations of the Racketeering Influenced and Corrupt Organizations Act. *Id*.

**4.  Discussion**

At least some of Plaintiff's allegations—particularly the allegations that a Tribal entity and three Tribal health professionals have engaged in a criminal conspiracy to enslave Plaintiff—are the type of "fantastic or delusional scenarios" that are subject to dismissal as baseless. *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Additionally, as explained below, the claims that are not obviously delusional are implausible; therefore, the Amended Complaint fails to state a claim upon which relief may be granted.

The Court will, however, grant Plaintiff 60 days to amend the Complaint. Any second amended complaint should take into consideration the following.

### A.  *Standards of Law Governing Plaintiff's Claims*

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible § 1983 claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Section 1983 applies to state and local government actors. It does not provide a remedy for the actions taken by other types of actors, such as purely private actors, "no matter how unfair that conduct may be." *NCAA v. Tarkanian*, 488 U.S. 179, 191 (1988). Under § 1983, "state action may be found if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295

(2001) (internal quotation marks omitted).

Plaintiff also brings claims under *Bivens*, which implied a cause of action for monetary damages against federal officials for a violation of constitutional rights. 403 U.S. at 392–97. A *Bivens* action is the federal analog to an action brought under § 1983, and a plaintiff asserting a *Bivens* claim must show that the defendant was acting under color of *federal* law. *Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982).

"As separate sovereigns pre-existing the Constitution," Tribes are not required to comply with "those constitutional provisions framed specifically as limitations on federal or state authority," such as the Bill of Rights. *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 56 (1978). Although a federal statute grants to Tribal members many of the rights included in the Bill of Rights, *see* 25 U.S.C. § 1302, it does not give rise to a federal cause of action against a Tribal government, and the exclusive federal remedy under the statute is habeas corpus relief, *see* 25 U.S.C. § 1303. *Santa Clara Pueblo*, 436 U.S. at 67; *Tavares v. Whitehouse*, 851 F.3d 863, 866 (9th Cir. 2017).

### B. The Amended Complaint Does Not State a Plausible Claim under § 1983 or Bivens

The Amended Complaint does not state a plausible § 1983 or *Bivens* claim because Plaintiff's allegations do not give rise to a reasonable inference that any Defendant was acting under color of state or federal law. *See Brentwood Acad.*, 531 U.S. at 295; *Cox*, 685 F.2d at 1099.

Section 1983 claims alleging the deprivation of rights under color of Tribal law "cannot be maintained in federal court." *Evans v. McKay*, 869 F.2d 1341, 1347 (9th Cir.

1989). Instead, a plaintiff asserting § 1983 claims against a Tribal official must show that the Tribal official "may fairly be said to be a state actor." *Id*. (internal quotation marks omitted). This requirement is satisfied where, for example, Tribal officials acted "in concert with officers of the state" or acted as enforcers of state or local authority. *Id*. at 1348. Similarly, a Tribal official does not act under color of federal law for purposes of a *Bivens* action unless there is "some interdependence between the federal government" and the Tribal official—in other words, unless there is a "symbiotic relationship" between federal and Tribal officers. *Bressi v. Ford*, 575 F.3d 891, 898 (9th Cir. 2009).

      The allegations in the Amended Complaint do not give rise to a reasonable inference that any Defendant acted in concert with state or federal officials. Nor is there any plausible allegation that Defendants had a symbiotic relationship with state or federal actors, in the context of the actions described in the Amended Complaint, such that those actions could fairly be read as actions of the state or federal government itself. Conclusory allegations of a conspiracy between Tribal and state or federal officials are insufficient. *See Iqbal*, 556 U.S. at 678 ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.") (internal quotation marks, citation, and alteration omitted).

      Plaintiff should keep the above standards in mind if he files a second amended complaint.

### C. Plaintiff's Claims under State and Federal Criminal Statutes Are Implausible

Federal criminal statutes do not give rise to civil liability. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Further, a plaintiff has no right to have another person criminally prosecuted. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Johnson v. Craft*, 673 F. Supp. 191, 193 (D. Miss. 1987) ("The decision to prosecute a particular crime is within the authority of the state, and there appears to be no federal constitutional right to have criminal wrongdoers brought to justice."). Therefore, the Amended Complaint does not state a plausible claim under any of the cited federal criminal statutes.

Plaintiff also cites a variety of Idaho criminal statutes, but the Court lacks jurisdiction to hear state criminal matters. Additionally, it does not appear that a private right of action is authorized under any of the cited statutory provisions.

In *Yoakum v. Hartford Fire Ins. Co.*, the Idaho Supreme Court held that a state criminal statute did not give rise to an implied private right of action. 923 P.2d 416, 421 (Idaho 1996). The court based its decision on the following factors: (1) the statute was enacted to protect the general public, (2) there was no indication that the legislature intended to create a private cause of action, (3) the statute provided for a criminal punishment, and (4) providing an additional civil remedy was not necessary to assure the effectiveness of the statute. *Id*. The *Yoakum* court noted that "[i]n the absence of strong indicia of a contrary legislative intent, courts must conclude that the legislature provided

precisely the remedies it considered appropriate." *Id*. (relying on *Middlesex County Sewerage Auth. v. National Sea Clammers*, 453 U.S. 1, 15 (1981).

The factors identified in *Yoakum* apply equally to the state criminal statutes cited by Plaintiff. Therefore, Plaintiff's state law claims are implausible.

### D.     *Indian Health Care Improvement Fund Claim*

Plaintiff also cites 25 U.S.C. § 1621, which governs the Indian Health Care Improvement Fund. *Am. Compl*. at 1. Subsection (h), on which Plaintiff relies, provides, "Nothing in this section is intended to diminish the primary responsibility of the [Indian Health] Service to eliminate existing backlogs in unmet health care needs, nor are the provisions of this section intended to discourage the Service from undertaking additional efforts to achieve equity among Indian tribes and tribal organizations." 25 U.S.C. § 1621(h). The Court has found no authority suggesting that § 1621(h) creates a private right of action to sue Tribal health professionals for violations of civil rights or that it abrogates Tribal sovereign immunity. Thus, Plaintiff's claims under § 1621(h) are implausible.

### E.     *Immunity from Suit*

Even if Plaintiff can plausibly allege state action under § 1983 or federal action under *Bivens*, it appears that Plaintiff's claims may be barred by the doctrine of sovereign immunity.

Tribes and Tribal governmental entities enjoy common-law sovereign immunity from suit. *Stock West Corp. v. Lujan*, 982 F.2d 1389, 1398 (9th Cir. 1993). Therefore,

absent a waiver of sovereign immunity,[1] a plaintiff cannot sue a Tribe or a Tribal entity, such as the Shoshone-Bannock Family Counseling Service, in federal court. *See Kennerly v. United States*, 721 F.2d 1252, 1258–59 (9th Cir. 1983) (holding that, because "there has been no express waiver [of sovereign immunity] or consent to suit, nor any congressional authorization for such a suit against the Tribe, [the federal courts] are without jurisdiction"). Tribal officials are also immune from suit if they were "acting within the scope of their delegated authority." *Hardin v. White Mountain Apache Tribe*, 779 F.2d 476, 479–80 (9th Cir. 1985).

5.      **Standards for Second Amended Complaint**

Any second amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon, attach, or incorporate by reference other pleadings or documents. Dist. Idaho Loc. Civ. R. 15.1 ("Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must reproduce the entire pleading as amended. The proposed amended pleading must be submitted at the time of filing a motion to amend."); *see also Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the original, the latter being treated thereafter as non-existent."), *overruled in part on other grounds by Lacey v. Maricopa County*, 693 F.3d 896, (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court erred by entering

---

[1] For example, in *Armstrong v. Mille Lacs County Sheriff's Department*, 228 F. Supp. 2d 972, 981-82 (D. Minn. 2002), the court determined that the Mille Lacs Tribe could be sued in federal court because, in a cooperative agreement between the Tribe and the county, the Tribe had expressly waived sovereign immunity for torts arising in the scope of law enforcement activities.

judgment against a party named in the initial complaint, but not in the amended complaint). Plaintiff must set forth each different factual allegation in a separate numbered paragraph. The second amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as a "Second Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

## ORDER

**IT IS ORDERED:**

1. The Amended Complaint fails to state a claim upon which relief may be granted. Plaintiff has 60 days to file a second amended complaint as described above. If Plaintiff does so, Plaintiff must file (along with the amendment) a Motion to Review the Second Amended Complaint. If Plaintiff does not amend within 60 days, this case may be dismissed without further notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim."). Alternatively, Plaintiff may file a Notice of Voluntary Dismissal, within 60 days, if Plaintiff no longer intends to pursue this case.[2]

---

[2] A voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1) is not a dismissal for frivolity, for maliciousness, or for failure to state a claim upon which relief may be granted and, therefore, does not count as a "strike" under 28 U.S.C. § 1915(g).

INITIAL REVIEW ORDER BY SCREENING JUDGE - 10

2. Plaintiff's request for appointment of counsel (contained in the Complaint) is DENIED without prejudice.³ Plaintiff may renew the request for counsel in a second amended complaint.

DATED: April 12, 2021

David C. Nye
Chief U.S. District Court Judge

---

³ Plaintiff requests counsel under 25 U.S.C. § 175, which provides, "In all States and Territories where there are reservations or allotted Indians the United States attorney shall represent them in all suits at law and in equity." *See Am. Compl.* at 6. However, that statute is discretionary, not mandatory. *Siniscal v. United States,* 208 F.2d 406, 410 (9th Cir. 1953); *see also United States v. Pend Oreille Pub. Util. Dist. No. 1*, 28 F.3d 1544, 1553 (9th Cir. 1994) ("The United States has discretion to represent the individual Indian allottees under 25 U.S.C. § 175."). Section 175 also does not "override the general test for appointment of counsel under the in forma pauperis statute, 28 U.S.C. § 1915(e)(1)." *Robinson v. New Jersey Mercer Cty. Vicinage-Fam. Div.*, 514 F. App'x 146, 151 (3d Cir. 2013) (unpublished).